Louis Pechman
Vivianna Morales
Gregory Slotnick
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiffs and the
Putative FLSA Collective*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEJANDRO VAZQUEZ, GRACIANO CARRILLO,   :
and LEONIDAS FERNANDEZ, on behalf of   :
themselves and all others similarly situated,   :
                                        :
                       Plaintiffs,     :
                                        :        **COMPLAINT**
            -against-                   :
                                        :
SAWA RESTAURANT CORP. d/b/a             :
MIRAMAR, ALDO ESKANDAR, and UNA         :        **COLLECTIVE ACTION**
ESKANDAR,                               :
                                        :
                       Defendants.      :
-----------------------------------------------------------------X

Plaintiffs Alejandro Vazquez, Graciano Carrillo, and Leonidas Fernandez, (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of Defendants Sawa Restaurant Corp. d/b/a Miramar ("Miramar"), Aldo Eskandar, and Una Eskandar, (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

2. Defendants failed to compensate Plaintiffs and other non-exempt workers at the statutory minimum wage rate required by the FLSA and the NYLL for all of their hours worked.

3. Defendants regularly required non-exempt workers to work in excess of forty hours per week, and paid them at rates that failed to compensate them for overtime pay of time and one and one half (1½) times their regular wage rate for hours worked over forty per workweek, as required by the FLSA and NYLL.

4. Defendants also failed to pay Plaintiffs and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

5. Plaintiffs bring this action to recover unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, misappropriated gratuities, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

6. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Miramar is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

8. Alejandro Vazquez ("Vazquez") resides in Queens, New York.

9. Vazquez was employed at Miramar as a food preparer and dishwasher from August 11, 2014 until in or about March 20, 2017.

10. Graciano Carrillo ("Carrillo") resides in Queens, New York.

11. Carrillo was employed at Miramar as a server from in or about January 2017 until June 20, 2017.

12. Leonidas Fernandez ("Fernandez") resides in Queens, New York. Fernandez was employed at Miramar as a server from in or about June 2013 until May 5, 2017.

**Defendants**

13. Defendant Sawa Restaurant Corp. is a New York corporation that owns, operates, and does business as Miramar, a Mediterranean restaurant located at 21 South End Avenue, New York, New York 10280.

14. Miramar is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Miramar has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

16. Miramar's annual gross volume of sales exceeds $500,000.

17. Defendant Aldo Eskandar ("Aldo") is an owner of Miramar.

18. At all times material herein, Aldo had the authority to hire and fire employees of Miramar, set wages, and otherwise control the terms and conditions of their employment.

3

19. Aldo has established and exercised authority regarding the managerial and administrative practices at Miramar. He has power over payroll decisions, including the power to retain time and/or wage records.

20. Aldo was also regularly present in the restaurant, and is actively involved in managing the day to day operations of Miramar.

21. For example, Aldo interviewed Fernandez and Vazquez.

22. Aldo also set Vazquez's work schedule, and paid Carrillo and Vazquez their wages each week.

23. Aldo exercises sufficient control over the operations of Miramar to be plaintiffs' "employer" within the meaning of the FLSA and NYLL.

24. Defendant Una Eskandar ("Una") is an owner of Miramar.

25. At all times material herein, Una had the authority to hire and fire employees, set employees' wages and schedules, and otherwise control the terms and conditions of their employment.

26. Una has established and exercised authority regarding the managerial and administrative practices at Miramar. She has power over payroll decisions, including the power to retain time and/or wage records.

27. For example, Defendant Una interviewed Carrillo for employment at Miramar.

28. Una is also regularly present in the restaurant to supervise the staff, and is actively involved in managing the day to day operations of Miramar.

29. Una is also operates the cash register in the restaurant. She regularly processes customer payments, and performs "cash-outs" when an employee needs change for a customer.

4

30. Una exercises sufficient control over the operations of Miramar to be plaintiffs' "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

31. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated non-exempt workers who elect to opt-in this action, and were employed by Defendants at Miramar at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

32. The FLSA Collective consists of approximately twenty similarly situated current and former non-exempt workers of Miramar, including servers, bartenders, cooks, runners, and dishwashers, all of whom have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime pay, and other monies.

33. As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

> a. failing to pay the FLSA Collective at least the minimum wage for all hours worked;
>
> b. failing to pay the FLSA Collective overtime pay for all hours worked over forty per week;
>
> c. failing to provide adequate tip credit notice to members of the FLSA Collective that worked as tipped employees per the FLSA and NYLL;
>
> d. redistributing portions of the tips earned by members of the FLSA Collective that worked as tipped employees to managerial employees; and

5

  e. failing to keep accurate records of hours worked by the FLSA Collective, as required by the FLSA and the NYLL.

34. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

35. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

36. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

37. At any given time, Miramar employs bussers, bartenders, and runners, who fall under the category of "tipped employees" pursuant to 29 U.S.C. § 203(t).

38. Defendants regularly misappropriated gratuities left by customers for the tipped employees.

39. Defendants established and imposed an unlawful tip pool upon the tipped employees that required them to pay a share of their tips to Miramar manager and son of Aldo and Una, Shady Mostafa ("Shady").

40. Shady is regularly allocated a full waiter's share of the tip pool.

41. Shady has been Plaintiffs' and the tipped employees' "employer or agent of employer" within the meaning of the FLSA and NYLL, as he had the power to hire and fire employees, controlled employees' terms and conditions of employment, and exercised authority over the rate and method of compensation of employees.

42. For example, Shady posted an online advertisement for a dishwasher opening at Miramar, and interviewed applicants for the position.

43. Shady is responsible for the tipped employees' schedule, and upon hire gave Fernandez his schedule.

44. Shady represents himself as a "manager" of Miramar to customers and is responsible for handling customer complaints.

45. Shady disciplines the tipped employees, and directs their workflow and duties.

46. Shady does not wear the tipped employees' uniform consisting of a black shirt and pants, rather he wears a dress shirt.

47. Shady should not have received *any* share from the tip pool, and as an "employer" within the meaning of the FLSA and NYLL, the retention of tips deprives Miramar from the right to apply the tip credit to tipped employees' wages.

48. Defendants required the tipped employees to spend at least 20% of their shifts performing non-tipped work unrelated to their duties as a tipped worker.

49. The non-tipped work that the tipped employees were required to perform included cleaning cups and cutlery, and loading them into the dishwasher; removing them from the dishwasher after they are clean and arranging them on shelves; arranging and filling the coffee station with tea, coffee cups, and sugars; making coffee; making iced tea; stocking the bar with glasses, and cleaning the bar, including the bar mats, the sink and wiping down bottles; refilling the bar with garnishes like cocktail olives and cherries; stocking the icebox with beer and soda; cutting lemons and limes; preparing Tzatziki sauce; making utensil rollups; refilling ketchup bottles; taking out the garbage; and wiping down the coffee station and bread station.

50. For example, Carillo and Fernandez spent approximately two hours per shift performing the non-tipped side work.

51. Defendants did not provide Carillo and Fernandez and the other tipped employees with sufficient notice of the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to their wages.

52. Defendants' improperly applied the tip credit because they failed to provide lawful notice in regard to the tip credit, established an illegal tip-pooling scheme at the restaurant, and required the tipped employees to engage in non-tipped work for more than twenty percent of their workday. As such, they deprived plaintiffs and the tipped employees of their statutory minimum wages under the FLSA and the NYLL.

**Graciano Carrillo**

53. Throughout his employment, Carrillo regularly worked 4 days per week, from approximately 5:00 p.m. until approximately 10:30 p.m., for approximately twenty-two hours per week.

54. Defendants paid Carrillo approximately $160 for each week that he worked at Miramar, which equals to an hourly wage of approximately $7.11.

55. Throughout his employment, Defendants regularly paid Carrillo at a rate below the statutory minimum wage.

56. Throughout his employment, Defendants regularly paid Carillo for fewer hours than he actually worked.

57. For example, for the week of June 9, 2017 to June 15, 2017, Carrillo worked 22.5 hours, but was paid for only 20 hours of work at $160 in weekly wages.

8

58. Throughout his employment, Defendants failed to compensate Carrillo at the statutory minimum wage rate required by the FLSA and the NYLL for all of his hours worked.

59. Defendants paid Carrillo his weekly wages in cash without accompanying accurate wage statements including, *inter alia*, his regular rate of pay and hours worked.

60. Indeed, despite repeated requests by Carrillo for wage statements from Defendants, Defendants provided Carrillo with only one wage statement for the duration of his employment, for the week of June 9, 2017 until June 15, 2017.

61. Defendants did not furnish Carrillo with wage notices at the time of his hiring or whenever there was a change in his wage rate.

**Leonidas Fernandez**

62. From June 2013 through in or about June 2014, Fernandez regularly worked six days per week, on Monday, from approximately 11:00 a.m. until 5:00 p.m., and Wednesday through Sunday, from approximately 11:00 a.m. until 11:00 p.m., totaling sixty-six hours per week.

63. From approximately July 2014 through to the end of his employment in May 2017, Fernandez worked five days per week for approximately sixty hours per week. His regular schedule was Wednesday through Sunday from approximately 11:00 a.m. until 11:00 p.m.

64. From the commencement of his employment in June 2013, to in or about June 2014, Defendants paid Fernandez at a rate of $3.00 per hour.

65. From in or about June 2014, to in or about December 2015, Defendants paid Fernandez at a rate of $5.00 per hour.

66. From in or about January 2016 to May 5, 2017, Defendants paid Fernandez at a rate of $7.50 per hour.

9

67. Defendants failed to compensate Fernandez at the statutory minimum wage rate required by the FLSA and the NYLL for all of his hours worked.

68. Fernandez regularly worked in excess of forty hours per workweek.

69. Defendants did not pay Fernandez at the rate of one and one-half (1½) times his regular hourly wage for hours worked in excess of forty per workweek.

70. Fernandez regularly worked shifts that spanned more than ten hours per day.

71. Defendants did not compensate Fernandez with one additional hour's pay at the statutory minimum hourly wage for each day that his shift spanned more than ten hours.

72. Defendants paid Carrillo his weekly wages in cash without accompanying accurate wage statements including, *inter alia*, his regular and overtime hourly rates of pay and hours worked.

73. Defendants did not furnish Fernandez with wage notices at the time of his hiring and whenever there was a change in his wage rate.

**Alejandro Vazquez**

74. From August 2014 to March 2017, Vazquez worked from approximately 11:00 a.m. until 10:00 p.m. or 11:00 p.m., six days per week, totaling approximately sixty-six to seventy-eight hours per week.

75. From in or about August 2014 through October 2016, Defendants paid Vazquez a weekly salary of $480 per week.

76. From approximately November 2016 through December 2016, Defendants paid Vazquez a weekly salary of $500 per week.

77. From approximately January 2017 through March 2017, Defendants paid Vazquez a salary of $630 per week.

10

78. Defendants paid Vazquez his weekly salary entirely in cash.

79. Vazquez regularly worked in excess of forty hours per workweek.

80. Defendants did not pay Vazquez at the rate of one and one-half (1½) times his regular hourly wage for hours worked in excess of forty per workweek.

81. Vazquez regularly worked shifts that spanned more than ten hours per day.

82. Defendants did not compensate Vazquez with one additional hour's pay at the statutory minimum hourly wage for each day that his shift spanned more than ten hours.

83. Defendants paid Vazquez his weekly wages in cash without accompanying accurate wage statements including, *inter alia*, his regular and overtime hourly rates of pay and hours worked.

84. Defendants did not furnish Vazquez with wage notices at the time of his hiring or whenever there was a change in his wage rate.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

85. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

86. Plaintiffs are covered employees within the meaning of the FLSA.

87. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

88. Defendants were required to pay Plaintiffs and the FLSA Collective the applicable minimum wage rate.

89. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because:

      a.    Defendants were required to, but failed to, inform Plaintiffs and the members of the FLSA Collective that worked as tipped employees of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m);

      b.    Defendants required inform Plaintiffs and the members of the FLSA Collective that worked as tipped employees to work more than twenty percent of their shift performing non-tipped work; and

      c.    Defendants imposed an unlawful tip pool on Plaintiffs and the members of the FLSA Collective that worked as tipped employees by requiring them to share tips with a non-tipped employee.

90. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

91. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

92. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**<br>**(New York Labor Law – Unpaid Minimum Wage)**

93. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

94. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations, and employed Plaintiffs and the other non-exempt workers.

95. Defendants failed to pay Plaintiffs and the other non-exempt workers the minimum hourly wages to which they were entitled to under the NYLL.

96. Defendants were not eligible to avail themselves of the tipped minimum wage rate to the wages of the non-exempt tipped employees under the NYLL because:

   a. Defendants were required to, but failed to, inform Plaintiffs and the non-exempt tipped employees of the tip credit provisions of the NYLL and the supporting New York State regulations; and

   b. Defendants required Plaintiffs and the other non-exempt tipped employees to work more than twenty percent of their shift performing non-tipped work.

97. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the other non-exempt workers the minimum hourly wage.

98. As a result of Defendants' violations of the NYLL, Plaintiffs and the other non-exempt workers that opt into this lawsuit are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

99. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

100. Defendants are employers within the meaning of the FLSA.

101. Throughout their employment, Plaintiffs and the FLSA Collective have been engaged in commerce or in the production of goods for commerce on behalf of Defendants.

102. Plaintiffs and the FLSA Collective are non-exempt "employees" within the meaning of the FLSA.

103. Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

104. Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

105. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

106. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime)**

107. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

108. Plaintiffs and the other non-exempt workers are "employees" within the meaning of the NYLL.

109. Under the NYDOL Regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiffs and the other non-exempt workers one and one-half (1½) times their regular hourly wage rate for all hours that they worked in excess of forty per workweek.

110. Defendants failed to pay Plaintiffs and the other non-exempt workers the overtime wages to which they were entitled under the NYLL and its supporting regulations.

111. Defendants have willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs and the other non-exempt workers overtime wages.

112. Due to Defendants' willful violations of the NYLL and supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. Part 146, Plaintiffs and the other non-exempt workers that opt into this lawsuit are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

113. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

114. Defendants willfully failed to pay Plaintiffs and the other non-exempt workers additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

115. By Defendants' failure to pay Plaintiffs and the other non-exempt workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146-1.6.

116. Due to Defendants' willful violations of the NYLL, Plaintiffs and the other non-exempt workers that opt into this lawsuit are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law – Misappropriation of Gratuities)

117. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

118. Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the other non-exempt workers in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

119. Defendants required Plaintiffs and the other non-exempt workers to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

120. By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by Plaintiffs and the other non-exempt workers, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

121. Due to Defendants' willful violations of the NYLL, Plaintiffs and the other non-exempt workers who opt into this lawsuit are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SEVENTH CLAIM
### (New York Labor Law – Failure to Provide Proper Wage Notices)

122. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

123. Defendants failed to furnish to Plaintiffs and the other non-exempt workers at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1 of each year of employment through 2014, wage

16

notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

124. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## EIGHTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

125. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

126. Defendants failed to furnish Plaintiffs and the other non-exempt workers with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; or net wages, in violation of the NYLL § 195(3).

127. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the other non-exempt workers that opt into this lawsuit are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

    a.    authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice, at Miramar. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    b.    declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

    c.    declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

    d.    declaring that Defendants have misappropriated gratuities in violation of the NYLL and the NYDOL Regulations;

    e.    declaring that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

    f.    declaring that Defendants' violations of the FLSA and NYLL were willful;

g. awarding Plaintiffs and the FLSA Collective unpaid minimum and overtime wages;

h. awarding Plaintiffs and non-exempt workers that opt into this lawsuit damages for spread-of-hours wages;

i. awarding Plaintiffs and non-exempt workers that opt into this lawsuit damages for misappropriated gratuities;

j. awarding Plaintiffs and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

k. awarding Plaintiffs and non-exempt workers that opt into this lawsuit liquidated damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

l. awarding Plaintiffs and non-exempt workers that opt into this lawsuit pre-judgment interest pursuant to the NYLL;

m. awarding Plaintiffs and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

n. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      o.    awarding such other and further relief as the Court deems just and proper.

Dated:   New York, New York
            August 14, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Vivianna Morales
Gregory Slotnick
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
slotnick@pechmanlaw.com
*Attorneys for Plaintiffs and the Putative FLSA Collective*