UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO VASQUEZ, et al.,

    Plaintiffs,

-against-

SAWA RESTAURANT CORP. d/b/a
MIRAMAR, et al.,

    Defendants.

17-CV-6129 (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2018

**BARBARA MOSES, United States Magistrate Judge.**

    The parties in this wage and hour action have reached a settlement agreement, for which they seek Court approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). For the reasons that follow their joint request will be granted.

## BACKGROUND

    Plaintiffs Alejandro Vazquez, Graciano Carrillo, and Leonidas Fernandez, who worked at Miramar Restaurant in Manhattan, allege that defendants Sawa Restaurant Corp. d/b/a Miramar, Adel Mostafa, and Salwa Eskandar failed to compensate them at the statutory minimum wage rate, including time and a half for overtime, failed to make spread-of-hours payments, failed to provide them with wage notices or wage statements, and misappropriated their gratuities, all in violation of applicable provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), and N.Y. Labor Law §§ 190, *et seq.*

    On November 11, 2017, the District Judge referred the case to me for settlement. (Dkt. No. 30.) During a settlement conference on January 30, 2018, the parties explored the strengths and weaknesses of the case, including issues arising from defendants' precarious financial condition, and ultimately reached an agreement on the material terms of a settlement. On

1

February 5, 2018, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Dkt. No. 36), and on March 28, 2018, they submitted a joint letter explaining why their settlement agreement (Agreement) should be approved by the Court pursuant to *Cheeks* (Dkt. No. 38), together with a copy of the fully-executed Agreement (Dkt No. 38-1) and the time records kept by plaintiffs' counsel in connection with this action. (Dkt. No. 38-2.)

The Agreement obligates defendants to pay plaintiffs a total of $22,500 within five business days after approval by this Court, of which $3,333.33 is allocated to plaintiffs' counsel as attorneys' fees. Ag. ¶ 1(A)-(E). The remaining monies will be divided among the three plaintiffs in proportion to their respective damages as calculated by their attorneys. In addition, if defendants sell or transfer Miramar Restaurant or its lease (which runs through March 31, 2023), plaintiffs are to receive one third of the "Gross Amount" of such a sale up to $50,000, plus one quarter of the "Gross Amount" above $50,000. Ag. ¶ 1(F). Plaintiffs' counsel will receive 33.33% of any additional recovery under this provision, with the remaining monies once again divided among the three plaintiffs in proportion to their calculated damages. *Id.* The Agreement also includes a mutual release, limited to claims "arising out of Plaintiffs' employment or separation of employment as of the date of execution of this Agreement." Ag. ¶ 2(A)-(B). The parties have agreed that the Court will retain jurisdiction "until Defendants have fully paid" both the $22,500 due in five days and, "if applicable," the remaining sums due on sale of the restaurant or the lease. Ag. ¶ 3.

## ANALYSIS

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In making that

determination, the Court must consider the totality of the circumstances, including, but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

After careful consideration of the parties' submissions, I conclude that the terms of the Agreement are fair and reasonable.

### A. Negotiations and Financial Terms

Applying the *Wolinsky* factors, I am satisfied that the financial terms of the settlement are fair and reasonable. Although the minimum guaranteed settlement amount of $22,500 is a small fraction of the $119,000 in unpaid wages that plaintiffs claim they are owed, *see* Joint Ltr. at 3, the compromise is reasonable in light of the risk that plaintiffs will not be able to substantiate their claims, as well as the risk that defendants will be unable to pay a larger sum, as demonstrated by their tax returns and the pendency of foreclosure proceedings against the individual defendants' residence. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable."). Moreover, should defendants obtain an economic benefit from selling the restaurant or its lease, plaintiffs will share in that benefit. I am therefore satisfied that the settlement amount falls within "the range of [plaintiffs'] possible recovery." *Wolinsky*, 900 F. Supp. 2d at 335.

Settlement at this juncture – after written discovery, but before depositions or any post-discovery motions – also permits the parties to avoid the "anticipated burdens and expenses" of continued litigation. *Wolinsky*, 900 F. Supp. 2d at 335. In addition, there is no evidence of

3

collusion or fraud. To the contrary: the settlement was negotiated at arms' length, between well-represented parties, at a judicially-supervised settlement conference. *See Lliguichuzhca*, 948 F. Supp. 2d at 366 ("Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable.").

**B.      Releases**

The Agreement releases all claims that either plaintiffs or defendants could assert against one another "for anything arising out of Plaintiffs' employment or separation from employment." Ag. ¶ 2(A)-(B). I find the release to be fair and reasonable. In non-class cases like this one, mutual releases – including releases that extend beyond the wage and hour claims alleged in the pleadings – can be "an effective way to ensure that 'both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'" *Pligza v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (Moses, M.J.) (quoting *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015)).

**C.      Attorneys' Fees and Costs**

"A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: (1) counsel's time and labor; (2) the magnitude and complexity of the case; (3) the risks inherent in continued litigation; (4) the quality of the representation; (5) the relation of the fee to the settlement; and (6) public policy considerations." *Plizga*, 2016 WL 9307474, at *4 (quoting *Lopez v. Ploy Dee, Inc.*, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)). Under the Agreement in this action, plaintiffs' counsel will receive $3,333.33 from the minimum guaranteed settlement amount of $22,500, which amounts to approximately 14.8%, plus 33.33% of any additional settlement payment made as a result of the sale of defendants' restaurant or the underlying lease. Ag. ¶ 1(A)-(F).

Fee awards of one-third or less of the total settlement amount are generally considered reasonable in this District. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (reducing fee award to one-third of plaintiffs' total recovery); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases). Here, the Agreement allocates less than 15% of the total recovery to plaintiffs' attorneys, unless that recovery exceeds $22,500, in which case counsel will receive one-third of the amount above $22,500 to cover their fee as well as their costs. Under no set of circumstances, therefore, will counsel be entitled to more than one-third of their clients' total recovery. The proposed fee award is reasonable under the percentage of the fund method.

This Court's practice, even in non-class cases, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g., Zhang*, 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fees under both the lodestar and the percentage-of-recovery methods); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). Here, the record reveals no similar concerns. In support of the fee request, plaintiffs' counsel submitted detailed time records showing that four individuals, including three attorneys, worked a total of 118.25 hours on this matter, Joint Ltr. Ex. 2, at 10, at the stated rates of $225 per hour for attorney Gregory Slotnick, $300 per hour for attorney Vivianna Morales, $600 per hour for attorney Louis Pechman, and $150 per hour for an individual identified only as "C.C.," apparently for translation services.

*Id.* at 7. At these rates, counsel's lodestar would be $32,051.25. *Id.* at 10. Most of the legal work was performed in the period leading up to the settlement conference, with additional time expended in preparing the Agreement.

There is no reason to believe that any of the work performed was unnecessary. Moreover, while the stated hourly rates would likely be deemed unreasonably high if counsel were seeking their full lodestar as a fee award, *see Manley v. Midan Rest. Inc.*, 2017 WL 1155916, at *12 (S.D.N.Y. Mar. 27, 2017) (rejecting the same rates for attorneys Pechman and Morales as "excessive" when "considering counsel's experience, skills and level of contribution to the work"); *Lizondro-Garcia v. Kefi LLC*, 2015 WL 4006896, at *7 (S.D.N.Y. July 1, 2015) (noting that courts in this District typically approve rates of $250 to $450 per hour for experienced FLSA counsel and collecting cases), nothing about the time records undermines the more modest award submitted for approval.

## CONCLUSION

The Court having found that the Agreement is fair and reasonable, it is approved pursuant to *Cheeks*, 796 F.3d at 206. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Court will retain jurisdiction for purposes of enforcing the Agreement if necessary. The Clerk of Court is directed to close the case.

Dated: New York, New York
April 17, 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**